IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **JANE DOE,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Cause No. : |
| | ) |
| **THE UNITED STATES OF AMERICA,** | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

## GENERAL ALLEGATIONS FOR ALL COUNTS

COMES NOW Plaintiff Jane Doe and for her Complaint against  Defendant UNITED

STATES OF AMERICA, states as follows:

1.      JURISDICTION:      Jurisdiction is proper under 28 U.S.C. §1346(b).  This

Count is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §2671, et seq.  State action

claims herein, if any, are brought pursuant to this Court's supplemental jurisdiction, 28 U.S.C.

§1367.

2.      An administrative claim pursuant to the Federal Tort Claims Act, 28 U.S.C.

§2671, et seq., was timely made and served upon the Department of Veterans Affairs on March

6, 2020 and the same was denied by the agency by mail dated September 23, 2020, and this suit

is subsequently filed timely under both the FTCA and Missouri law.  A copy of said denial is

attached as Exhibit 1.

3.      VENUE:      Venue is proper in this District pursuant to 28 U.S.C. §1402 and 28

U.S.C. §1346 as Plaintiff is and was at all relevant times a resident and citizen of this Judicial

1

District and the tortious acts or omissions complained of occurred within this Judicial District.

4.      At all times relevant hereto, Plaintiff is and was an adult resident and citizen of the State of Missouri who is an honorably discharged Veteran of the U.S. military;

5.      At all times relevant hereto, The Department of Veterans Affairs Medical Center at St. Louis, Missouri, and its "St. Louis  Community Based Outpatient Clinic"  [herein referred to as  "St. Louis VAMC"] were and are a part of the Department of Veterans Affairs, an agency of the U.S. government and did own, control, manage or operate a medical center and hospital in the City of St. Louis, State of Missouri, as well as facilities elsewhere in Missouri, and did employ physicians, nurses and other licensed medical professionals to practice medicine and/or their health-care related professions, and did hold itself out to the public and to Plaintiff as providing qualified medical and hospital services.

6.      At all times relevant hereto, Department of Veterans Affairs Medical Center at St. Louis, Missouri ["St. Louis VAMC"] was a part of the federal government or was a "Federal Agency" as defined in 28 U.S.C. §2671, et seq., and said Hospital and each individual herein named was acting within the scope of its agency or employment by the United States Department of Veterans Affairs.

7.      At all times relevant hereto, Plaintiff' was being treated as a patient at St. Louis VAMC, and the employees and agents of St. Louis VAMC owed to her, the duty to provide hospital, nursing, and administrative services with the skill and care of a reasonable physician or other health-care professional in the same or similar circumstances.

8.      At all times relevant hereto, Plaintiff was properly and lawfully on the property of St. Louis VAMC as a patient attending her medical appointments.

2

9.     At all relevant times, Defendant UNITED STATES OF AMERICA acted by and through St. Louis VAMC and its actual and apparent agents and employees, including its physicians, administrators, nurses, technicians, social workers, aides, and including, but not limited to, each of the individuals named herein, and did hold each of said care providers out as its employee or agent, both by express statement and/or by action and uniform or insignia, and Plaintiff did rely upon such representations.

## COUNT I

### Negligence

COMES NOW Plaintiff Jane Doe and for Count I of her Complaint against of Defendant UNITED STATES OF AMERICA, states as follows:

1-9.     Plaintiff hereby incorporates by reference the allegations of paragraphs 1 through 9 of the General Allegations above, as and for paragraphs 1 through 9 of Count I as if fully set out herein.

10.     At all times relevant hereto Plaintiff  was a patient of the St. Louis VAMC being treated for a hip injury and attendant problems from the hip injury.

11.     Plaintiff's care providers at the St. Louis VAMC referred her for treatment of her ongoing hip pain at their acupuncture therapy group at the facility's outpatient clinic in Florissant, Missouri.

12.     The acupuncture therapy sessions were conducted by William B. Luchtefeld an employee of the VA, and variously listed as a Registered Nurse, and/or a Nurse Practitioner.

13.     Luchtefeld's acupuncture therapy sessions were initially held in group settings, and Plaintiff attended three of those group settings as scheduled.

3

14.     After the third group session, Luchtefeld personally called Plaintiff and scheduled her for treatment on or about November 21, 2019 around 2:30 p.m.

15.     Upon Plaintiff's arrival to her appointment on that same date, she found herself as the only patient present and she was led to what appeared to be Luchtefeld's office for her acupuncture therapy.

16.     There were no other individuals in Registered Nurse William B. Luchtefeld's office other than himself and Plaintiff.

17.     At that same approximate time and place, Luchtefeld proceeded to ask Plaintiff questions of a highly personal nature, including regarding whether she could show him pictures from her recently attended family vacation in Cancun.  Plaintiff declined to share photos.

18.     At that same time and place,  Luchtefeld asked Plaintiff if she had received any relief from an acupuncture device he had previously used at her left ear.

19.     Nurse Luchtefeld then informed plaintiff that massaging can sometimes help with the pain and asked Plaintiff if she wanted the hip pain "massaged out."

20.     Plaintiff responded to Luchtefeld asking if there was some medical means of relieving the pain that had not been resolved by the ear acupuncture devices, to which he responded "sort of" and he reached into his desk drawer selecting a bottle of lotion which he state or implied was medication of some kind.

21.     At that same approximate time and place Luchtefeld instructed Plaintiff to lay on her left side, after which Luchtefeld began massaging Plaintiff's lower back, hip and stomach. During that process, Luchtefeld instructed Plaintiff move her pant down to expose her injured hip area.

4

22.     Subsequently, Nurse Luchtefeld moved his hand between Plaintiff's legs and began to grope Plaintiff's vagina and digitally penetrated her vagina causing severe pain, including causing a burning sensation from the lotion.

23.     Luchtefeld also placed his hand under Plaintiff's sweatshirt, t-shirt and bra and began to grope Plaintiff's breast.  Plaintiff got up and stopped Luchtefeld.

24.     Plaintiff left Luchtefeld's office and, although she was crying, asked the VA employee at the counter if she could please see the nurse's supervising physician, and requested to see Dr. Marva Robinson, a VA staff psychiatrist.

25.     John Randall Shepherd MD, purporting to be Luchtefeld's supervisor, arrived to speak with Plaintiff, however Luchtefeld interrupted, offering his business card to Plaintiff and preventing Plaintiff from fully being able to report the sensitive events.

26.     At all times relevant hereto, Defendant by and through its employees knew there were and had been numerous physical/sexual assaults on VA medical facilities properties, being informed through several sources including but not limited to a 2011 GAO Report to the Committee on Veteran's Affairs, House of Representatives titled VA HEALTH CARE, Actions Needed to Prevent Sexual Assaults and Other Safety Incidents, which indicated that almost 300 sexual assaults reported to the VA police were not even reported to VA officials, nor were rape or other assault reports ever given to the VA OIG, and noting the VA lacked any risk assessment tools to examine sexual assault-related risks in their facilities, and finding that existing precautions were deficient.

27.     At all times relevant hereto, the VA had in place its mandated procedures pursuant to VHA Handbook 1004.01 which mandated as "national VHA policy" that any practitioner

5

"must ensure that informed consent was obtained" before performing any treatment or any

substantial new activity with the patient and "provide information that a reasonable person in the

patient's situation would expect tor receive in order to make an informed choice about whether

or not to undergo the treatment or procedure."  Said mandates require a description of the "name,

nature, and details of the recommended treatment or procedure," whether there are alternatives,

"advise the patient if the recommended treatment is novel or unorthodox," and to "document all

actions as appropriate" along with additional requirements.  VHA Handbook 1004.01(4) further

requires that the practitioner "is prohibited from attempting to persuade a patient to consent," and

signature to confirm consent must be obtained for any procedure that "can be reasonably

expected to produce significant...discomfort to the patient," and must allow revocation of

consent.

28.     At all times relevant hereto, 10 U.S.C. §1089 was in force and effect and

eliminated any exemption from the F.T.C.A. for "any claim arising out of assault, battery, false

imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander,

misrepresentation, deceit, or interference with contract rights" by any health care provider or

supporting personnel.

29.     On the basis of reports of proceedings, it appears Luchtefeld has admitted in court

proceedings that he improperly took advantage of Plaintiff by rubbing her breasts and genitalia

while representing that he was providing treatment.

30.     Despite the fact that the St. Louis VAMC allowed Luchtefeld to treat female

patients in private without any supervisory or support personnel, knowing of the risk of either

this employee's problematic history or the general problem of sexual assaults of patients in VA

6

facilities or the general standards of care for having female providers present when male providers are performing hands-on treatment of female patients, and despite the fact that Luchtefeld was on VA facility grounds, using VA facilities and was in the course and scope of his duties performing what was promoted as VA authorized acupuncture care, and despite the fact that the US Department of Veteran Affairs has recognized that Luchtefeld is a "danger to the community or to any other person because of the nature of the offense",  Plaintiff's Administrative Tort Claim was denied stating "there was no negligent or wrongful act on the part of an employee of the Department of Veteran Affairs acting within the scope of employment that caused compensable harm."

31.     Defendant U.S.A. by and through the employees and agents of the V.A.M.C. facilities in St. Louis, Missouri committed one or more of the following negligent acts or omissions:

a)     Defendant conducted an improper treatment of Plaintiff, including contact with her genitalia and/or breasts;

b)     Defendant failed to inform Plaintiff of the extent of his new treatment or his intentions;

c)     Defendant failed to ensure that informed consent was obtained before performing his manipulation beyond the area of her pain, and outside of any reasonable or rational application of "acupuncture" or related methodologies;

d)     Defendant failed to provide information that a reasonable person in the patient's situation would expect tor receive in order to make an informed choice about whether or not to undergo the treatment or procedure, when Defendant's

employee or agent began massage of Plaintiff's thigh, groin, or breats;

e)    Defendant failed to follow the mandates of VHA Handbook 1004.01 in failing to describe to Plaintiff the "name, nature, and details of the recommended treatment or procedure;"

f)    Defendant failed to inform Plaintiff as to whether there are alternative treatments and/or failed to, "advise the patient if the recommended treatment is novel or unorthodox;"

g)    Defendant failed to document his actions;

h)    Defendant led Plaintiff to an inappropriate and private area knowing he would be providing hands-on manipulation of a female patient, where there would be no observation or supervision;

i)    Defendant improperly led Plaintiff to believe she could not refuse treatment, and further in violation of VHA Handbook 1004.01(4) and the standard of care attempted to persuade Plaintiff's to consent;

j)    Defendant failed to obtain informed consent and/or failed to obtain Plaintiff's signature to confirm consent where the actions of Defendant could " be reasonably expected to produce significant...discomfort to the patient";

k)    Defendant used his position to elicit unnecessary personal and private information from Plaintiff;

l)    Defendant interfered with Plaintiff's attempts to report his malpractice to his supervisor or the VA otherwise;

m)    Defendant knew that Plaintiff was under treatment for depression related to her

8

pain and disability, and extended his treatment improperly with knowledge that it

would likely cause emotional harm;

n)      Defendant misrepresented ordinary body lotion as a medical treatment;

o)      Defendant misused body lotion or lubricant on Plaintiff, apply the same to her

genitalia or within the same;

32.      As a direct and proximate result of the acts by the VA's employees as set out

above, Plaintiff was caused immediate mental and emotional trauma, stress, damage, and injury,

and/or aggravations of prior conditions, and promptly sought emergent care at an Urgent Care

facility outside of the VA, was examined and encouraged to report the same to police, which

Plaintiff did do.

33.      As a direct and proximate result of one or more of the negligent acts or omissions

as stated above, Plaintiff  suffered physical injury, invasion of her body, pain and suffering,

emotional injury, including but not limited to extreme emotional distress, and anxiety, fear of

everyday or otherwise ordinary situations and people; insomnia, difficulties with her relationship,

and  loss of her ability to conduct her daily affairs normally, a loss of the enjoyment of life, and

inability to trust medical personnel with her ongoing  care, and economic losses related thereto in

amounts to be determined, all of which harms are continuing and will be expected to continue

into the future; and as a result of the negligent acts and omissions of the VAMC as set out above,

and as a consequence thereof Plaintiff's family relationships have suffered and she has had to

seek care, counseling and treatment and to expend money in pursuit of such care or in

amelioration of her injuries, and may do so into the future.

WHEREFORE, for the reasons stated above, Plaintiff Jane Doe prays this Court enter

judgment in her favor and against Defendant United States of America in an amount reasonable and sufficient to compensate for her loss and damage, for costs of suit, and for such other relief as this Court deems just and proper.

## COUNT II
### Battery

COMES NOW Plaintiff Jane Doe and pleading in the alternative for Count II of her Complaint against of Defendant UNITED STATES OF AMERICA, states as follows:

1-9.    Plaintiff hereby incorporates by reference the allegations of paragraphs 1 through 9 of the General Allegations above, as and for paragraphs 1 through 9 of Count II as if fully set out herein.

10.    At all times relevant hereto Plaintiff  was a patient of the St. Louis VAMC being treated for a hip injury and attendant problems from the hip injury.

11.    Plaintiff's care providers at the St. Louis VAMC referred her for treatment of her ongoing hip pain at their acupuncture therapy group at the facility's outpatient clinic in Florissant, Missouri.

12.    The acupuncture therapy sessions were conducted by William B. Luchtefeld an employee of the VA, and variously listed as a Registered Nurse, and/or a Nurse Practitioner.

13.    Luchtefeld's acupuncture therapy sessions were initially held in group settings, and Plaintiff attended three of those group settings as scheduled.

14.    After the third group session, Luchtefeld personally called Plaintiff and scheduled her for treatment on or about November 21, 2019 around 2:30 p.m.

15.    Upon Plaintiff's arrival to her appointment on that same date, she found herself as

the only patient present and she was led to what appeared to be Luchtefeld's office for her acupuncture therapy.

16.     There were no other individuals in Registered Nurse William B. Luchtefeld's office other than himself and Plaintiff.

17.     At that same approximate time and place, Luchtefeld proceeded to ask Plaintiff questions of a highly personal nature, including regarding whether she could show him pictures from her recently attended family vacation in Cancun.  Plaintiff declined to share photos.

18.     At that same time and place,  Luchtefeld asked Plaintiff if she had received any relief from an acupuncture device he had previously used at her left ear.

19.     Nurse Luchtefeld then informed plaintiff that massaging can sometimes help with the pain and asked Plaintiff if she wanted the hip pain "massaged out."

20.     Plaintiff responded to Luchtefeld asking if there was some medical means of relieving the pain that had not been resolved by the ear acupuncture devices, to which he responded "sort of" and he reached into his desk drawer selecting a bottle of lotion which he state or implied was medication of some kind.

21.     At that same approximate time and place Luchtefeld instructed Plaintiff to lay on her left side, after which Luchtefeld began massaging Plaintiff's lower back, hip and stomach. During that process, Luchtefeld instructed Plaintiff move her pant down to expose her injured hip area.

22.      Subsequently, Nurse Luchtefeld moved his hand between Plaintiff's legs and began to grope Plaintiff's vagina and digitally penetrated her vagina causing severe pain, including causing a burning sensation from the lotion.

11

23.     Luchtefeld also placed his hand under Plaintiff's sweatshirt, t-shirt and bra and began to grope Plaintiff's breast.  Plaintiff got up and stopped Luchtefeld.

24.     Plaintiff left Luchtefeld's office and, although she was crying, asked the VA employee at the counter if she could please see the nurse's supervising physician, and requested to see Dr. Marva Robinson, a VA staff psychiatrist.

25.      John Randall Shepherd MD, purporting to be Luchtefeld's supervisor, arrived to speak with Plaintiff, however Luchtefeld interrupted, offering his business card to Plaintiff and preventing Plaintiff from fully being able to report the sensitive events.

26.     At all times relevant hereto, Defendant by and through its employees knew there were and had been numerous physical/sexual assaults on VA medical facilities properties, being informed through several sources including but not limited to a 2011 GAO Report to the Committee on Veteran's Affairs, House of Representatives titled VA HEALTH CARE, Actions Needed to Prevent Sexual Assaults and Other Safety Incidents, which indicated that almost 300 sexual assaults reported to the VA police were not even reported to VA officials, nor were rape or other assault reports ever given to the VA OIG, and noting the VA lacked any risk assessment tools to examine sexual assault-related risks in their facilities, and finding that existing precautions were deficient.

27.     At all times relevant hereto, the VA had in place its mandated procedures pursuant to VHA Handbook 1004.01 which mandated as "national VHA policy" that any practitioner "must ensure that informed consent was obtained" before performing any treatment or any substantial new activity with the patient and "provide information that a reasonable person in the patient's situation would expect tor receive in order to make an informed choice about whether

or not to undergo the treatment or procedure." Said mandates require a description of the "name, nature, and details of the recommended treatment or procedure," whether there are alternatives, "advise the patient if the recommended treatment is novel or unorthodox," and to "document all actions as appropriate" along with additional requirements. VHA Handbook 1004.01(4) further requires that the practitioner "is prohibited from attempting to persuade a patient to consent," and signature to confirm consent must be obtained for any procedure that "can be reasonably expected to produce significant...discomfort to the patient," and must allow revocation of consent.

28.     At all times relevant hereto, 10 U.S.C. §1089 was in force and effect and eliminated any exemption from the F.T.C.A. for "any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights" by any health care provider or supporting personnel.

29.     On the basis of reports of proceedings, it appears Luchtefeld has admitted in court proceedings that he improperly took advantage of Plaintiff by rubbing her breasts and genitalia while representing that he was providing treatment.

30.     Despite the fact that the St. Louis VAMC allowed Luchtefeld to treat female patients in private without any supervisory or support personnel, knowing of the risk of either this employee's problematic history or the general problem of sexual assaults of patients in VA facilities or the general standards of care for having female providers present when male providers are performing hands-on treatment of female patients, and despite the fact that Luchtefeld was on VA facility grounds, using VA facilities and was in the course and scope of

13

his duties performing what was promoted as VA authorized acupuncture care, and despite the

fact that the US Department of Veteran Affairs has recognized that Luchtefeld is a "danger to the

community or to any other person because of the nature of the offense",  Plaintiff's

Administrative Tort Claim was denied stating "there was no negligent or wrongful act on the part

of an employee of the Department of Veteran Affairs acting within the scope of employment that

caused compensable harm."

31.      Defendant U.S.A. by and through the employees and agents of the V.A.M.C.

facilities in St. Louis, Missouri and particularly Luchtefeld, in the course and scope of medical

care and treatment within his job duties, committed an assault and/or battery upon Plaintiff by

offensive contact, physical impact, and invasion of her body and privacy.

32.      As a direct and proximate result of the acts by the VA's employees as set out

above, Plaintiff was caused immediate mental and emotional trauma, stress, damage, and injury,

and/or aggravations of prior conditions, and promptly sought emergent care at an Urgent Care

facility outside of the VA, was examined and encouraged to report the same to police, which

Plaintiff did do.

33.      As a direct and proximate result of one or more of the negligent acts or omissions

as stated above, Plaintiff  suffered physical injury, invasion of her body, pain and suffering,

emotional injury, including but not limited to extreme emotional distress, and anxiety, fear of

everyday or otherwise ordinary situations and people; insomnia, difficulties with her relationship,

and  loss of her ability to conduct her daily affairs normally, a loss of the enjoyment of life, and

inability to trust medical personnel with her ongoing  care, and economic losses related thereto in

amounts to be determined, all of which harms are continuing and will be expected to continue

into the future; and as a result of the negligent acts and omissions of the VAMC as set out above, and as a consequence thereof Plaintiff's family relationships have suffered and she has had to seek care, counseling and treatment and to expend money in pursuit of such care or in amelioration of her injuries, and may do so into the future.

35.     Defendant USA is vicariously liable pursuant to the F.T.C.A. and 10 U.S.C. §1089 for the intentional torts committed by its employees in the context of providing medical services to Plaintiff.

WHEREFORE, for the reasons stated above, Plaintiff Jane Doe prays this Court enter judgment in her favor and against Defendant United States of America in an amount reasonable and sufficient to compensate for her loss and damage, for costs of suit, and for such other relief as this Court deems just and proper.

**COUNT III**
**Misrepresentation and Deceit**

COMES NOW Plaintiff Jane Doe and pleading in the alternative for Count III of her Complaint against of Defendant UNITED STATES OF AMERICA, states as follows:

1-30.    Plaintiff hereby incorporates by reference the allegations of paragraphs 1 through 30 of Count II above as and for paragraphs 1 through 30 of Count III as if fully set out herein.

31.     Defendant, by and through its medical provider agents and employees including Luchtefeld, made the following misrepresentations or deceitful statements to Plaintiff:

a)     Defendant represented that Luchtefeld's treatments were legitimate and safe;

b)     Defendant represented that Luchtefeld's acupuncture and alternative pain treatments were to be trusted despite that they may be new or unknown to Plaintiff;

15

c)       Defendant represented through Luchtefeld that private treatment by Luchtefeld in a private room without observers or witnesses was appropriate and ordinary;

d)       Defendant represented through Luchtefeld that ordinary body lotion or lubrication was medical treatment for pain;

e)       Defendant represented through Luchtefeld that his massage and manipulation was normal and was to address Plaintiff's pain.

32.     Defendant through its agents knew that one or more of the foregoing statements was false or was made in disregard for its falsity or truthfulness.

33.     Defendant through its agents intended for Plaintiff to rely upon the foregoing statements or representations, and Plaintiff did so rely to her detriment.

34.     Plaintiff had reason to rely upon the representations of Defendant because the same were made by her treating health care providers and had the badge of credibility thereby.

35.     As a direct and proximate result of Plaintiff's reliance upon the false statements and representations by the VA's employees as set out above, Plaintiff was caused immediate mental and emotional trauma, stress, damage, and injury, and/or aggravations of prior conditions, and promptly sought emergent care at an Urgent Care facility outside of the VA, was examined and encouraged to report the same to police, which Plaintiff did do.

33.     As a direct and proximate result of Plaintiff's reliance upon the false statements and representations by the VA's employees as set out above, Plaintiff  suffered physical injury, invasion of her body, pain and suffering, emotional injury, including but not limited to extreme emotional distress, and anxiety, fear of everyday or otherwise ordinary situations and people; insomnia, difficulties with her relationship, and  loss of her ability to conduct her daily affairs

16

normally, a loss of the enjoyment of life, and inability to trust medical personnel with her

ongoing  care, and economic losses related thereto in amounts to be determined, all of which

harms are continuing and will be expected to continue into the future; and as a result of the

negligent acts and omissions of the VAMC as set out above, and as a consequence thereof

Plaintiff's family relationships have suffered and she has had to seek care, counseling and

treatment and to expend money in pursuit of such care or in amelioration of her injuries, and may

do so into the future.

35.     Defendant USA is vicariously liable pursuant to the F.T.C.A. and 10 U.S.C.

§1089 for the intentional torts committed by its employees in the context of providing medical

services to Plaintiff.

WHEREFORE, for the reasons stated above, Plaintiff Jane Doe prays this Court enter

judgment in her favor and against Defendant United States of America in an amount reasonable

and sufficient to compensate for her loss and damage, for costs of suit, and for such other relief

as this Court deems just and proper.


### COUNT IV
**False Imprisonment**

COMES NOW Plaintiff Jane Doe and pleading in the alternative for Count IV of her

Complaint against of Defendant UNITED STATES OF AMERICA, states as follows:

1-34.   Plaintiff hereby incorporates by reference the allegations of paragraphs 1 through

34 of Count III above as and for paragraphs 1 through 34 of Count IV as if fully set out herein.

35.     Defendant, by means of the representations above stated, and because of the

medical-provider/patient relationship, and due to the additional actions of Luchtefeld within a

private area, Plaintiff was unable to immediately leave to seek help;

36.     As a direct and proximate result of Defendant's actions confining Plaintiff's and limiting her ability to leave, Plaintiff was caused immediate mental and emotional trauma, stress, damage, and injury, and/or aggravations of prior conditions, and promptly sought emergent care at an Urgent Care facility outside of the VA, was examined and encouraged to report the same to police, which Plaintiff did do.

37.     As a further direct and proximate result of the false confinement of Plaintiff by the VA's employees as set out above, Plaintiff  suffered physical injury, invasion of her body, pain and suffering, emotional injury, including but not limited to extreme emotional distress, and anxiety, fear of everyday or otherwise ordinary situations and people; insomnia, difficulties with her relationship, and  loss of her ability to conduct her daily affairs normally, a loss of the enjoyment of life, and inability to trust medical personnel with her ongoing  care, and economic losses related thereto in amounts to be determined, all of which harms are continuing and will be expected to continue into the future; and as a result of the negligent acts and omissions of the VAMC as set out above, and as a consequence thereof Plaintiff's family relationships have suffered and she has had to seek care, counseling and treatment and to expend money in pursuit of such care or in amelioration of her injuries, and may do so into the future.

38.     Defendant USA is vicariously liable pursuant to the F.T.C.A. and 10 U.S.C. §1089 for the intentional torts committed by its employees in the context of providing medical services to Plaintiff.

WHEREFORE, for the reasons stated above, Plaintiff Jane Doe prays this Court enter judgment in her favor and against Defendant United States of America in an amount reasonable

and sufficient to compensate for her loss and damage, for costs of suit, and for such other relief as this Court deems just and proper.

**COUNT V**
**Premises Liability**

COMES NOW Plaintiff Jane Doe and pleading in the alternative for Count V of her Complaint against  Defendant UNITED STATES OF AMERICA, states as follows:

1.      Plaintiff hereby incorporates by reference paragraphs 1 through 30 of Count I as and for paragraphs 1 through 30 of Count V as if fully set out herein.       31.      At all times relevant hereto, Registered Nurse William B. Luchtefeld was a known problematic and potentially dangerous employee as a prior assault in June of 2019 was reported to the administration of the VA.

32.      The danger posed by Luchtefeld on the premises, and by allowing Plaintiff to be seen alone and unobserved by Luchtefeld was known or could have been known by the VA, but was not evident or observable in advance by Plaintiff.

33.      The VA had full knowledge of the dangers presented by Luchtefeld, and of those faced by female veteran patients at the VA, and the injury and damage to Plaintiff was foreseeable in that the VA already knew of her vulnerable condition.

34.      Despite Defendant's knowledge and awareness of the latent danger to the public and to Plaintiff in particular, Defendant failed to warn Plaintiff, and/or failed to remedy the dangerous condition or to bar patients, including Plaintiff, from being alone with this male treater.

35.      Defendant further created a dangerous condition on its property or allowed the

same to remain by:

a)     Defendant failed to respond to the 2011 GAO report on the inadequacy of precautions to prevent sexual assaults on VA premises by improving or adequately modifying its safety precautions;

b)     failed to warn female visitors, including Jane Doe, of a possible danger from Registered Nurse William B. Luchtefeld , given his prior behaviors;

c)     failed to adequately or properly evaluate the safety of Plaintiff in a room alone with Registered Nurse William B. Luchtefeld;

d)     failed to protect Plaintiff from Registered Nurse William B. Luchtefeld  when it knew or should have known of potential dangers he posed;

e)     Failed to have proper or adequate administrative procedures regarding appropriate discipline given the June complaint against Registered Nurse William B. Luchtefeld;

f)     Failed to have proper or adequate administrative procedures to protect patients or visitors from potential dangerous conditions including dangerous employees;

g)     After the attack, Defendant's administrative personnel treated Plaintiff dismissively, causing further emotional injury;

36.     As a direct and proximate result of the dangerous condition of property due to one or more of the acts or omissions as stated above, Plaintiff Jane Doe suffered physical attack, pain and suffering emotional injury, including but not limited to extreme emotional distress, and anxiety, fear of everyday or otherwise ordinary situations and people; insomnia, difficulties with her relationship, and  loss of her ability to conduct her daily affairs normally, a loss of the

enjoyment of life, and inability to use trust medical personnel with her ongoing  care, and economic losses related thereto in amounts to be determined.

WHEREFOR, for the reasons stated above, Plaintiff Jane Doe prays this Court enter judgment in her favor and against Defendant United States of America in an amount reasonable and sufficient to compensate for her loss and damage, for costs of suit, and for such other relief as this Court deems just and proper.

**COUNT VI**
**Failure to Supervise/ Negligent Retention**

COMES NOW Plaintiff Jane Doe and for Count VI of her Complaint against of Defendant UNITED STATES OF AMERICA, states as follows:

1-30.   Plaintiff hereby incorporates by reference the allegations of paragraphs 1 through 30 of Count I above, as and for paragraphs 1 through 30 of Count VI as if fully set out herein.

31.     At all times relevant hereto,  VA had in place its mandated procedures to limit sexual abuse during treatment by its health care providers, derived in part from 38 C.F.R. §1.201-1.204, including particularly VHA Directive 2012-026 which established a "unified policy" across all VA facilities regarding "all individuals in VHA facilities whose behavior has, or could, jeopardize the health or safety of others...", specifically requiring the facility Director to ensure security precautions are implemented and used, and that sexual assault incidents are "handled in accordance with appropriate clinical standards of care," and requiring VA making the agency and facility director responsible for ensuring all instances or allegations of sexual assault are reported per 38 C.F.R. 1.201and tracked , that

32.     At all times relevant hereto, the VA supervisors or superiors of Nurse Luchtefeld,

including but not limited to Dr. Shepherd, knew or should have known that Luchtefeld was a potentially dangerous employee due to his behavior and because at least one prior assault, on information and belief in June of 2019, had been reported to the administration of the VA.

33.     Defendant U.S.A. by and through the employees and agents of the V.A.M.C. facilities in St. Louis, Missouri committed one or more of the following negligent acts or omissions:

a)     Defendant failed supervise  Luchtefeld in accord with the 2011 GAO report on the need for precautions to prevent sexual assaults on VA premises and in accord with its own policies and procedures;

b)     Defendant failed to warn female patients, including Plaintiff, of a possible risk or danger from the VA's Registered Nurse Luchtefeld, given his prior behavior and/or warning indications;

c)     Defendant failed to prohibit male nurses from performing hands-on treatment of female patients without witness or supervision;

d)     Defendant failed to adequately or properly supervise to prevent its employee Luchtefeld from treating patients, including Plaintiff, in a room alone or in any other place than proper treatment rooms with supervision or witnesses;

e)     Defendant failed to warn or inform Plaintiff that she was not required to allow, and/or should not allow a male health care provider to perform hands-on care in a room where there were no other persons, witnesses, nor supervision;

f)     Defendant negligently retained Nurse Luchtefeld and/or allowed him unsupervised care of female patients after it knew or should have known of his

incompetence and the danger he posed to female patients due to prior complaints

and observations of behavior;

g)      Defendant by and through the supervisors of Luchtefeld and the acupuncture

program failed to inform Plaintiff and others of their rights not to be taken into

private offices for "treatment" and not to be alone with male providers unless

necessary;

h)      Defendant's employees and agents failed to provide the attendance or supervision

of care for Plaintiff that they were their duties;

i)       Upon report of the improper and offensive care provided by Luchtefeld,

Defendant's supervisory and administrative personnel treated Plaintiff

dismissively, failed to promptly or adequately provide care and support, and

caused additional damage to Plaintiff;

34.     As a direct and proximate result of the acts by the VA's employees as set out

above, Plaintiff was caused immediate mental and emotional trauma, stress, damage, and injury,

and/or aggravations of prior conditions, and promptly sought emergent care at an Urgent Care

facility outside of the VA, was examined and encouraged to report the same to police, which

Plaintiff did do.

35.     As a direct and proximate result of one or more of the negligent acts or omissions

as stated above, Plaintiff  suffered physical injury, invasion of her body, pain and suffering,

emotional injury, including but not limited to extreme emotional distress, and anxiety, fear of

everyday or otherwise ordinary situations and people; insomnia, difficulties with her relationship,

and  loss of her ability to conduct her daily affairs normally, a loss of the enjoyment of life, and

inability to trust medical personnel with her ongoing  care, and economic losses related thereto in amounts to be determined, all of which harms are continuing and will be expected to continue into the future; and as a result of the negligent acts and omissions of the VAMC as set out above, and as a consequence thereof Plaintiff's family relationships have suffered and she has had to seek care, counseling and treatment and to expend money in pursuit of such care or in amelioration of her injuries, and may do so into the future.

WHEREFORE, for the reasons stated above, Plaintiff Jane Doe prays this Court enter judgment in her favor and against Defendant United States of America in an amount reasonable and sufficient to compensate for her loss and damage, for costs of suit, and for such other relief as this Court deems just and proper.

THE LAW OFFICES OF DAVID N. DAMICK

/s/ David Damick
David N. Damick, MBEN 38903
One Metropolitan Square, Suite 2420B
211 North Broadway
St. Louis, Missouri 63102-2733
TEL: (314) 231-0570
FAX: (314) 621-8639
dnd@damicklaw.com
Attorneys for Plaintiff