UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JANE DOE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )   Case No. 4:21-cv-00173-AGF |
| | ) |
| THE UNITED STATES OF AMERICA, | ) |
| | ) |
|     Defendant. | ) |

## MEMORANDUM AND ORDER

This action under the Federal Tort Claims Act (FTCA) is before the Court on Defendant's motion for a partial stay of discovery and protective order (ECF No. 27), which asks the Court to prohibit Plaintiff from inquiring into two areas of discovery that Defendant asserts exceed the scope of the limited jurisdictional discovery permitted by the Court at this stage. For the reasons set forth below, the Court will deny Defendant's motion.

In her complaint, Plaintiff alleges that she was sexually assaulted in by a Department of Veterans Affairs (VA) employee while she was a patient at a VA medical center in November of 2019. She further alleges that the VA should have known that the employee in question was potentially dangerous because he previously sexually assaulted a patient in June of 2019 and that assault was reported to the VA. Plaintiff's six-count complaint alleges liability based on theories of negligence, battery, misrepresentation and deceit, false imprisonment, premises liability, and negligent supervision.

Defendant has moved to dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim. *See* ECF No. 10. In that motion, Defendant argues that the Court lacks jurisdiction because, among other reasons, the VA employee in question was not acting within the scope of employment. Defendant alternatively argues that Plaintiff has failed to state a claim because, among other reasons, she has pled no facts explaining how the VA knew or should have known of the prior sexual assault by the employee. Defendant has attached to its motion the declarations of four VA employees, who attest to various facts in support of Defendant's arguments, including that, prior to November of 2019, the VA had not received any complaint that the employee in question had sexually assaulted a patient.

Plaintiff responded to the motion to dismiss and, thereafter, the parties jointly moved for additional time (150 days) for Plaintiff to conduct limited discovery on the factual issues raised in Defendant's motion and to supplement Plaintiff's response to that motion. *See* ECF No. 21. The Court granted the joint motion, and limited discovery has proceeded.

As part of that limited discovery, Plaintiff now seeks a deposition of one or more VA representatives, pursuant to Federal Rule of Civil Procedure 30(b)(6), related to 16 categories of discovery. In the current motion for protective order, Defendant asserts that two of these categories are not related to Defendant's motion to dismiss and that Plaintiff should not be permitted to inquire into these issues unless and until the Court denies the motion to dismiss and full discovery proceeds.

The two categories are:

2

13. All communications and information conveyed or exchanged by any person present when Plaintiff herein attempted to report an assault by [the VA employee in question] on the day of its occurrence;

14. All attempts to gather additional information regarding Plaintiff's report of improper actions during her treatment session by [the employee].

ECF No. 28 at 2.

Plaintiff opposes the motion and argues that these two categories are relevant to the issue of the VA's notice of the prior assault, which Defendant raised as part of its motion to dismiss.

Upon careful consideration of the parties' arguments, the record, and the proportionality concerns set forth in Federal Rule of Civil Procedure 26, the Court concludes that the two categories are within the scope of the limited discovery that the parties have agreed to and the Court has permitted at this stage. In particular, the categories are relevant to the issue of notice, which Defendant included and offered evidence in support of in its motion to dismiss.

The Court disagrees with Defendant's contention that communications or investigation efforts by the VA after Plaintiff's report in November of 2019 are necessarily irrelevant to the issue of the VA's knowledge of events prior to that date. Such communications may, for example, mention the prior assault and/or indicate when the VA first received notice of that assault. Neither does the Court accept Defendant's claims of undue burden in the form of "juggling the schedules of healthcare providers" (ECF No. 30 at 6). Presumably, such healthcare providers' schedules would be disrupted

3

to some extent in any event, both to respond to the other 14 categories of discovery listed in the notice of deposition and to provide evidence in support of the defense.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion for a partial stay of discovery and protective order is **DENIED**.  ECF No. 27.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 21st day of October, 2021.